**This draft was proofread on 5/24/11 by Debbie**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY STRAWN,<br><br>          Plaintiff,<br><br>     v.<br><br>FEDERAL EXPRESS CORPORATION LONG TERM DISABILITY PLAN,<br><br>          Defendant. | 1:10-cv-2254 OWW SKO<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>**Administrative Record Filing Deadline: 7/7/11**<br><br>**Appropriate Standard of Review Motion Filing Deadline:  7/18/11**<br><br>**Dispositive Motion Filing Deadline: 11/21/11**<br><br>**Opposition Filing Deadline: 12/5/11**<br><br>**Reply Filing Deadline: 12/12/11**<br><br>**Hearing on Dispositive Motions-Trial: 1/23/12 10:00 Ctrm. 3 (2 hours reserved)**<br><br>**Settlement Conference Date: 10/18/11 10:30 Ctrm. 8** |

I.   Date of Scheduling Conference.

     June 2, 2011.

II.  Appearances Of Counsel.

     The Law Offices of Russell G. Petti by Russell G. Petti,

1

Esq., appeared on behalf of Plaintiff.

Colby S. Morgan, Esq., appeared on behalf of Defendant.

III.  Summary of Pleadings.

    1.   Plaintiff Barry Strawn asserts that Defendant violated the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §§ 1001, et seq., by denying his claim for continued long-term disability benefits from the Federal Express Corporation Long Term Disability Plan ("LTD Plan") for a Total Disability.  He seeks (1) a determination that he is Totally Disabled under the LTD Plan, (2) past due benefits, and (3) an Order that the LTD Plan continue paying benefits so long as he remains Totally Disabled under the LTD Plan.

    2.   Defendant denies that it violated ERISA or engaged in any unlawful conduct towards Plaintiff.  Neither Defendant nor Aetna (the Claims Paying Administrator) abused its discretion in denying Plaintiff's claim for benefits.

IV.  Orders Re Amendments To Pleadings.

    1.   The parties do not intend to file any motions relating to the amendment of pleadings.

V.  Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Barry Strawn, Plaintiff, was an employee of Defendant Federal Express Corporation.

        2.   Federal Express Corporation is a corporation incorporated under the laws of the State of Delaware.

        3.   Barry Strawn was at relevant times a participant in the Federal Express Corporation Long Term Disability Plan.

1      4.    Federal Express Long Term Disability Plan is a duly qualified plan within the meaning of the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §§ 1001, et seq.

     5.    Plaintiff claims that he is totally disabled as that term is defined under the LTD plan and within the meaning of ERISA.

     6.    Plaintiff claims he is due past benefits.

     7.    Aetna Life Insurance is the duly appointed and acting claims paying administrator under the Plan.

     8.    Federal Express Corporation retains a role as Administrator of the Plan.

     9.    Defendant contends that decision making on claims approval and payment was delegated to Aetna.

   B.    Contested Facts.

     1.    All remaining facts are disputed.

VI.    Legal Issues.

   A.    Uncontested.

     1.    Jurisdiction exists under 28 U.S.C. § 1331 and 29 U.S.C. § 1000, et seq.

     2.    Venue is proper under 28 U.S.C. § 1391.

     3.    All claims in this lawsuit are made under ERISA. There is no other choice of law.

   B.    Contested.

     1.    Whether the applicable standard of review should be for abuse of discretion or de novo review.

     2.    Whether or not the denial of benefits was influenced by any alleged conflict of interest.

     3.    Whether or not the Plan decision denying benefits

3

should be upheld under the applicable standard of review.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

    1.    The LTD Plan will provide Plaintiff with the Administrative Record on or before June 15, 2011.

    2.    Upon receipt of the complete Record, Plaintiff intends to serve discovery, which shall include written discovery and potentially deposition notices and subpoenas into (1) which documents should be in the Record, (2) whether the fiduciary had a complete Record before it when it decided Mr. Strawn's claim, and (3) the extent to which conflict influenced the denial of benefits.

    3.    The LTD Plan believes that, as this is a claim for benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), only a limited right to discovery exists.  The LTD Plan reserves the right to object to any discovery served by Plaintiff as outside the scope of permissible discovery in ERISA cases.

4.   Subject to Plaintiff's right to submit evidence of conflict, the parties agree that the trial of this matter shall be on the Administrative Record.  The parties further agree that, given the applicable law, this matter will be tried to the Court. As such, the parties contemplate that the trial of this matter will consist of the following:

    a.   The filing of the Administrative Record;

    b.   The filing of Memoranda of Fact and Law by each party;

    c.   The filing of a trial brief by each party; and

    d.   A two hour hearing (at most) before the Court for oral argument.

5.   The parties further respectfully submit that they should be allowed to dispense with a pre-trial conference, jury instructions, an exhibit list and a witness list, because no jury or witnesses are contemplated, and the only exhibit presently contemplated will be the Administrative Record.  The parties submit that this case is appropriate for a waiver of the Court's pre-trial requirements for the following reasons:

    a.   Because of the unique nature of ERISA trials, which in most respects resemble a motion for summary judgment;

    b.   The parties anticipate that the only evidence presented at the trial will be the Administrative Record, and that there will be no live witnesses or experts;

    c.   The parties anticipate that their respective positions will be briefed through the pre-trial Memoranda, and that the trial should consume, at most, two hours of Court time.

6.   The case is scheduled as follows:

       a.   The parties agree that their initial disclosures shall be made on or before July 7, 2011.

       b.   The Administrative Record shall be filed on or before July 7, 2011.

       c.   The parties shall have through and including July 18, 2011 to reach agreement, if they can, upon the appropriate standard of review under ERISA.  In the event the parties are unable to agree, Plaintiff shall file his motion to determine the appropriate standard of review on or before July 18, 2011.  The parties shall abide by the Local Rules respecting opposition and reply.

   7.   The parties anticipate that the case will be resolved by dispositive motion filed on or before November 21, 2011. Opposition thereto shall be filed on or before December 5, 2011. Any replies by December 12, 2011.  The motion shall be heard on January 23, 2012 at 10:00 a.m. in Courtroom 3.  The Court reserves 2 hours for oral argument on the cross-motions, which in this ERISA case, is a trial on the record.

   8.   Depending upon the outcome of the motions, if necessary, a further scheduling conference will be scheduled.

**X.**   **Motions - Hard Copy.**

   1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>PROTRUDING numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

**XI.**   **Settlement Conference.**

   1.   A Settlement Conference is scheduled for October 18, 2011, at 10:30 a.m. in Courtroom 8 before the Honorable Sheila K.

6

Oberto, United States Magistrate Judge.

2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5. The Confidential Settlement Conference

Statement shall include the following:

  a. A brief statement of the facts of the case.

  b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

  c. A summary of the proceedings to date.

  d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

  e. The relief sought.

  f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XII. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

 1. None.

XIII. Related Matters Pending.

 1. There are no related matters.

XIV. Compliance With Federal Procedure.

 1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

**XV.   Effect Of This Order.**

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   June 2, 2011**                    　　　　/s/ Oliver W. Wanger　　　
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE