UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY STRAWN, | 1:10-cv-02254 OWW SKO |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO |
| v. | STRIKE AND MOTION REGARDING THE STANDARD OF REVIEW |
| FEDERAL EXPRESS CORPORATION LONG TERM DISABILITY PLAN, | (DOCS. 16, 15) |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff Barry Strawn ("Plaintiff") proceeds with this action for long term disability benefits under the Federal Express Corporation Long Term Disability Plan ("Defendant" or "LTD Plan") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). Before the court is Plaintiff's motion to strike. Doc. 16. Defendant filed an opposition (Doc. 20), to which Plaintiff replied (Doc. 22). Also before the court is Plaintiff's motion regarding the standard of review (Doc. 15). Defendants filed an opposition (Doc. 19), to which Plaintiff replied (Doc. 23). Both motions were heard August 29, 2011.

## II.   FACTUAL BACKGROUND

Plaintiff was an employee of Federal Express Corporation ("Federal Express") and a participant in the LTD Plan. Doc. 1, ¶ 3. Plaintiff contends that he became "totally disabled" within

1

the meaning of the LTD plan. Plaintiff made a claim for long-term disability benefits under the LTD Plan to Aetna Life Insurance Company ("Aetna"), the LTD Plan's claims paying administrator. *Id.* at ¶¶ 6, 8. Aetna initially accepted and paid Plaintiff's claim for long-term disability benefits. *Id.* at ¶ 8. On May 17, 2010, Aetna denied Plaintiff's claim for continued benefits. *Id.* at ¶ 9. Plaintiff filed an appeal, which Aetna denied on November 10, 2010. *Id.* Plaintiff filed this lawsuit on December 6, 2010. Doc. 1.

The parties participated in a scheduling conference on June 2, 2011. Doc. 12. A scheduling conference order mandated: (1) Defendant to provide Plaintiff with the administrative record on or before June 15, 2011; (2) the parties to make initial disclosures on or before July 7, 2011; (3) the administrative record to be filed on or before July 7, 2011; and (4) either (i) the parties to agree on the appropriate standard of review by July 18, 2011, or (ii) Plaintiff to file a motion to determine the appropriate standard of review by July 18, 2011. Doc. 12, 6.

### III. <u>MOTION TO STRIKE</u>

Plaintiff moves to strike: (1) the complete administrative record filed July 7, 2011; (2) Amendment to Service Agreement between Federal Express and Aetna dated September 1, 2008; and (3) excerpts of the Summary Plan Description of the LTD Plan, attached as Exhibit A to the declaration of Robin Marsh, a Senior

2

Paralegal in Federal Express' legal department declaration.

A.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . a copy--or a description by category and location--of all documents, electrically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii).

Federal Rule of Civil Procedure 37 "gives teeth" to Rule 26's disclosure requirements, and is a "self-executing," "automatic" sanction. *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, *24 (9th Cir. 2011). If a party fails to provide information in compliance with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). The party facing sanctions for belated disclosure has the burden to show that its failure to comply with Rule 26 was justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

B.   <u>ANALYSIS</u>

1.   <u>Local Rule 251(b)</u>

Defendant points out that Plaintiff has not satisfied the

3

Eastern District of California Local Rule 251(b)'s threshold

requirement of conferring before filing a motion pursuant to

Federal Rule of Civil Procedure 26. Local Rule 251(b) requires:

> Except as hereinafter set forth, a motion made pursuant to
> Fed. R. Civ. P. 26 through 37, including any motion to
> exceed discovery limitations or motion for protective order,
> shall not be heard unless (1) the parties have conferred and
> attempted to resolve their differences, and (2) the parties
> have set forth their differences and the bases therefor in a
> Joint Statement re Discovery Disagreement. Counsel for all
> interested parties shall confer in advance of the filing of
> the motion or in advance of the hearing of the motion in a
> good faith effort to resolve the differences that are the
> subject of the motion. Counsel for the moving party or
> prospective moving party shall be responsible for arranging
> the conference, which shall be held at a time and place and
> in a manner mutually convenient to counsel.

E.D. Cal. R. 251(b). Plaintiff does not respond to Defendant's

argument or address his failure to comply with Local Rule 251(b).

Plaintiff's motion to strike is DENIED for failure to comply

with Local Rule 251(b). Even if Plaintiff had satisfied Local

Rule 251(b), his motion to strike would be DENIED for the

following reasons.

2.   July 7, 2011 Administrative Record

Plaintiff moves to strike the 2,682-page administrative

record filed July 7, 2011, almost two months after Defendant gave

Plaintiff a 1,710-page administrative record. Plaintiff's counsel

asserts that he spent a substantial amount of time scanning,

organizing, and bookmarking the original administrative record,

and that production of an entirely new record would unfairly

result in substantial extra work. Plaintiff asks that the

4

administrative record be reorganized with the original
administrative record in front, followed by the new material.

   The June 2, 2011 scheduling conference order required
Defendant to give Plaintiff the administrative record on or
before June 15, 2011. Doc. 12, 6. Federal Express received a
1,710-page administrative record from Aetna, and gave Plaintiff
that version of the administrative record on May 11, 2011. On May
15, 2011, Plaintiff's counsel sent Federal Express a letter
questioning the completeness of the administrative record.

   Ms. Marsh declares that she then conducted a page-by-page
review of the administrative record and confirmed that it was
incomplete. Doc. 19-1, ¶ 17. Ms. Marsh declares that on Monday,
May 16, 2011, she requested a complete copy of Plaintiff's appeal
brief from Aetna, and was in contact with Aetna over the next
several weeks to obtain a correct copy of the administrative
record. *Id.* at ¶¶ 17-18. Ms. Marsh declares that Aetna compiled a
correct copy of Plaintiff's appeal brief on or about June 27,
2011. *Id.* at ¶ 19. Ms. Marsh declares that she: (1) manually
bates-labeled the administrative record on June 27 and 28, 2011;
(2) sent a paper copy to Aetna for final review on June 29, 2011,
*Id.* at ¶ 22; (3) redacted the administrative record on July 5,
2011; (4) and made two copies of it on July 6, 2011, *Id.* at ¶ 25.
Defendant filed a paper copy of the administrative record on July
7, 2011. Doc. 13. Ms. Marsh declares and provides documentation

that the administrative record was sent via overnight delivery to Plaintiff's counsel on July 7, 2011 and was received July 8, 2011. *Id.* at ¶ 27-28. Plaintiff's counsel declares that he did not "see" the administrative record until Sunday, July 10, 2011. Doc. 16-1, ¶ 25.

Defendant provided Plaintiff with what it believed was the administrative record thirteen days before the June 15, 2011 deadline, and took steps to obtain the complete record when it learned that it did not possess the complete record. The Federal Rules of Civil Procedure recognize that parties must often supplement or correct their initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Defendant timely filed a complete copy of the administrative record on July 7, 2011, and provided Plaintiff with the complete administrative record July 8, 2011, ten days before the deadline to determine, or file a motion to determine, the proper standard of review. There is no evidence that Defendant was at fault for the delay in providing Plaintiff the complete administrative record. Defendant has provided evidence that the incomplete record resulted from a malfunction at Aetna's facility. Plaintiff does not point to any provision in ERISA or federal law that authorizes an order instructing Defendant to reorganize the evidentiary record for Plaintiff's convenience.

There is no evidence that the delay in providing the complete administrative record was prejudicial. If necessary, the parties could have requested an extension of time to file a motion to determine the standard of review.

Plaintiff's motion to strike the administrative record filed July 7, 2011 is DENIED.

### 3.   Amendment to the Service Agreement

Plaintiff also moves to strike the Amendment to the Service Agreement. The scheduling conference order mandated initial disclosures on or before July 7, 2011. Doc. 12. Plaintiff asserts that he did not receive the Amendment to Service Agreement until July 11, 2012, four days late.

Rule 26(a)(1)(A)(ii) requires a party to provide "a copy *or a description by category and location*." Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added). Defense counsel emailed Plaintiff's counsel on July 5, 2011 disclosing the Amendment to the Service Agreement and stating that a redacted copy would be sent. Contrary to Plaintiff's argument, Rule 26(a)(1)(A)(ii) does not require actual production of documents. *Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335, 338 (C.D. Ariz. 2009); Fed. R. Civ. P. 26 advisory committee's note on 1993 amend. The other party is "expected to obtain the documents desired by proceeding under Rule 34 or through informal requests." *Id.* Defendant provided Plaintiff with a copy of the Amendment to Service Agreement on

July 11, 2011.

Rule 26(a)(4) provides that "[u]nless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed and served." Fed. R. Civ. P. 26(a)(4). There is no indication that Defendant's email was served as required by Rule 26(e). Defendant contends, however, that Plaintiff also did not serve signed, written disclosures to Defendant before July 7, 2011.

Plaintiff's motion to strike the Amendment to Service Agreement is DENIED.

### 4.   Summary Plan Description

In his reply to Defendant's opposition, Plaintiff includes a motion to strike Exhibit A to Ms. Marsh's declaration. Exhibit A contains excerpts of the LTD Plan's Summary Plan Description. Plaintiff contends that the excerpts of the Summary Plan Description were not included in Defendant's Rule 26(a) disclosures, was not filed in the administrative record, and was not seen by either the court or Plaintiff's counsel until Defendant filed its opposition to Plaintiff's motions on August 15, 2011.

Because Plaintiff's motion to strike is raised for the first time in a reply brief, it will not be considered. "The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Plaintiff's motion to strike the Summary Plan Description is DENIED.

### IV.   MOTION REGARDING THE STANDARD OF REVIEW

Plaintiff moves for a determination that the standard of review of the denial of Plaintiff's benefit claim is *de novo*. Defendant counters that the standard of review should be "arbitrary and capricious," which the Ninth Circuit equates with the "abuse of discretion" standard. *See Canseco v. Constr. Laborers Pension Trust*, 93 F.3d 600, 609 (9th Cir. 1996). Plaintiff's motion will be treated as a motion for partial summary judgment as to the standard of review.

### A.   LEGAL STANDARD

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986) (internal quotation marks

omitted). A fact is material if it could affect the outcome of the suit under the governing substantive law; "irrelevant" or "unnecessary" factual disputes will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

If the moving party would bear the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). In contrast, if the non-moving party bears the burden of proof on an issue, the moving party can prevail by "merely pointing out that there is an absence of evidence" to support the non-moving party's case. *Id.*

When the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In ruling on a motion for summary judgment, a court does not make credibility determinations or weigh evidence. *See Anderson*, 477 U.S. at 255. Rather, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* Only admissible evidence may be considered in deciding a motion for summary judgment. Fed. R. Civ. P. 56(e).

"Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun*, 509 F.3d at 984.

B.   **ANALYSIS**

An ERISA plan administrator's decision is reviewed *de novo*, unless the plan document grants the administrator discretion to interpret the plan terms and determine eligibility for benefits. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If the plan confers discretionary authority to the administrator, then the administrator's decision will be reviewed for an abuse of discretion. *Id.* "[F]or a plan to alter the standard of review from the default *de novo* to the more lenient abuse of discretion, the plan must unambiguously provide discretion to the administrator." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006).

The Aetna Review Committee denied Plaintiff's appeal of his long term disability benefits under the LTD Plan. The applicable standard of review therefore hinges on whether the LTD Plan grants the Aetna Review Committee discretion to interpret the plan terms and determine eligibility for benefits.

The parties agree that the LTD Plan unambiguously grants discretion to Federal Express, the LTD Plan administrator. Section 6.1 of the LTD Plan provides:

> [T]he Administrator's authority shall include, but shall not be limited to, the following powers:

11

> (a) to construe any ambiguity and interpret any
> provision of the Plan or supply any omission or reconcile
> any inconsistencies in such manner as it deems proper;
> (b) to determine eligibility for coverage under the
> Plan in accordance with its terms; and
> (c) to decide all questions of eligibility for, and
> determine the amount, manner and time of payment of,
> benefits under the Plan in accordance with its
> interpretation of its terms.

Doc. 13, AR 02665. The Administrator is defined as "the Company"
(*Id*. at AR 2609), which in turn is defined as "Federal Express
Corporation" (*Id.* at AR 2611).

The main issue is whether the Aetna Review Committee
properly received and was vested with Federal Express's
discretionary authority to review Plaintiff's long-term
disability claim. "[D]eference applies only when the decision is
made by the body vested with discretion. 'When an unauthorized
body that does not have fiduciary discretion to determine
benefits eligibility renders such a decision . . . deferential
review is not warranted.'" *Jebian v. Hewlett-Packard Co. Employee
Benefits Org. Income Protection Plan*, 349 F.3d 1098, 1105 (9th
Cir. 2001) (quoting *Sanford v. Harvard Indus.*, 262 F.3d 590, 597
(6th Cir. 2001)).

Under ERISA, a named fiduciary may delegate its fiduciary
responsibilities.

> The instrument under which a plan is maintained may
> expressly provide for procedures (A) for allocating
> fiduciary responsibilities (other than trustee
> responsibilities) among named fiduciaries, (B) for named
> fiduciaries to designate persons other than named
> fiduciaries to carry out fiduciary responsibilities (other

12

than trustee responsibilities) under the plan.
29 U.S.C. § 1105(c)(1); *Madden v. ITT Long Term Disability Plan for Salaried Employees*, 914 F.2d 1279, 1283 (9th Cir. 1990). Where an ERISA plan expressly gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, and the named fiduciary properly delegates its discretionary authority, then discretionary review applies to the designated ERISA fiduciary as well as its delegate. *Id.* at 1284. The focus is not on whether there is documentation of a transfer of discretionary authority from the named fiduciary to the delegate, but whether the ERISA plan contemplates the possibility of a transfer of discretionary authority to a third-party and whether there is evidence establishing delegation. *Shane v. Albertson's Inc. Employees Disability Plan*, 504 F.3d 1166, 1171 (9th Cir. 2007) (citing *Hensley v. Northwest Permanente P.C. Retirement Plan*, 258 F.3d 986, 998 (9th Cir.2001), *overruled on other grounds by Abatie*, 458 F.3d at 966 (holding that delegation of discretionary authority to third-party from identified plan fiduciary was sufficient because plan contemplated delegation; the plan did not require delegation to be in writing; and affidavits were submitted stating that delegation of discretionary authority took place)).

        The parties agree that the LTD Plan permits Federal Express to appoint an appeal committee, and that appeal committee has

13

discretionary authority to review and decide appeals. Section

5.3(c) of the LTD Plan provides:

> (c)   **Decision on Review**. The Administrator shall appoint an
> appeal committee for the purpose of conducting reviews of
> denial of benefits and providing the claimant with written
> notice of the decision reached by such committee.

*Id.* at AR 2656. Section 5.3(d) of the Plan provides:

> (d)   **Authority of Appeal Committee**. The appeal committee,
> appointed pursuant to Subsection (c), shall, subject to the
> requirements of the Code and ERISA, be empowered to
> interpret the Plan's provisions in its ***sole and exclusive
> discretion*** in accordance with its terms with respect to all
> matters properly brought before it pursuant to this Section
> 5.3, including, but not limited to, matters relating to the
> eligibility of a claimant for benefits under the Plan. The
> determination of the appeal committee shall be made in a
> fair and consistent manner in accordance with the Plan's
> terms and its decision shall be final, subject only to a
> determination by a court of competent jurisdiction that the
> committee's decision was arbitrary and capricious.

*Id.* at AR 2659-2660 (emphasis added). Although Plaintiff argues

that the LTD Plan does not permit delegation of its discretionary

authority, Section 5.3(c) explicitly gives Federal Express the

power to appoint an appeal committee to review denial of benefit

claims. Plaintiff, however, contends that Federal Express'

ability to delegate its fiduciary functions is limited by Section

6.1 of the LTD Plan:

> Nothing contained in this section shall prevent the
> Administrator from delegating non-fiduciary administrative
> duties to the Claims Paying Administrator or others as
> described in this Plan, the Plan's summary plan description
> or other document.

Doc. 13, AR 2666.

   Defendant contends that Federal Express named the Aetna

Review Committee as the "appeal committee" under Section 5.3(c)

of the LTD Plan, and that appointment was made possible by

Federal Express' delegation to Aetna Life Insurance Company the

task of appointing the appeal committee. Section 6.1 of the LTD

Plan permits Federal Express to delegate non-fiduciary

administrative duties to Aetna, the Claims Paying Administrator.

As evidence that the Aetna Review Committee is the appeals

committee, Defendant presents the Summary Plan Description, which

names the Aetna Appeals Committee as the group responsible for

final review of long-term disability claims:

Appeal a Claim Denial – Your Rights

You or your authorized representative can request a full and
fair review of a denied claim at what is referred to as the
"appeal" level. There are two levels of appeal of all claims
except disability, Group Legal Services and Group Long-Term
Care, which has one level of appeal. All appeals will be
reviewed by the appropriate claims paying administrator.
From the date that you receive the written denial of the
claim, you must submit your appeal request as outlined in
writing in the denial letter.

Appeal filing and processing timeframes are as follows:

| Appeal Type | Deadline for Filing Appeal | Deadline for Extension of Filing an Appeal | Deadline for Final Determination | Group Responsible for Final Review |
|---|---|---|---|---|
| . . . | | | | |
| Disability Claims | 180 days after receiving the claim denial notice | One 30-day extension is allowed if the extension request is received before the 45-day determination period runs out | 45 days after receipt of the appeal and all supporting documentation | Aetna Appeals Committee |

15

Doc. 19-1, Ex. A, 365, 366.

Defendant contends that because the Summary Plan Description is an LTD Plan document, it is clear evidence that Federal Express as the LTD Plan administrator recognizes and has given authority to the Aetna Review Committee as the appeal committee. Summary plan documents "provide communication with beneficiaries *about* the plan," but "do not themselves constitute the *terms* of the plan . . .." *CIGNA Corp. v. Amara*, 131 S.Ct. 1866, 1878 (2011) (emphasis in original). Although the Summary Plan Description is not a plan document, however, it is evidence that the Aetna Review Committee was appointed as the appeals committee.

Plaintiff points out that the Summary Plan Description lists the Aetna *Appeals* Committee, not the Aetna *Review* Committee, as the group responsible for final review. Defendant asserts that the Aetna Appeals Committee specified in the Summary Plan Description is the same as the Aetna Review Committee. Defendant contends that while Aetna uses the term Aetna Review Committee, Federal Express uses the term Aetna Appeals Committee, but they are the same committee with interchangeable names. Defendant does not offer any declarations or other evidence to support this argument.

Defendant further contends that the appointment of the Aetna Reviews Committee is evidenced by the Amendment to the Service

Agreement, which Defendant argues is the contractual document evidencing the delegation between Federal Express and Aetna. The Amendment to the Service Agreement reads in pertinent part:

> Be fully responsible for final appeal benefit determinations for the Short Term Disability Plans, and effective 9/1/08 for Long Term Disability Plans, and for ensuring such determinations are in accordance with Employee Retirement Income Securities Act ("ERISA"), the Department of Labor regulations and the Standard Operating Processes. FedEx Express hereby delegates to Aetna discretionary authority to render eligibility and benefit determinations and otherwise interpret the terms of the Short Term and Long Term Disability Plans on appeal. FedEx Express acknowledges that it will not have the responsibility or final authority for making any final appeal benefit determinations on appeals received for claims filed under the Short Term Disability Plan on appeals received on or after 9/1/08 for claims filed under the Long Term Disability Plans.

Doc. 16-1, Ex. G, 1.

The issue here is whether the ERISA plan contemplates a transfer of discretionary authority to a third-party and whether there is evidence establishing delegation. *Shane*, 504 F.3d at 1171. The LTD Plan permits Federal Express to delegate non-fiduciary duties to Aetna, and permits Federal Express to appoint an appeal committee. The LTD Plan grants discretionary authority to the appeal committee. Federal Express has provided the Summary Plan Description and Amendment to Services Agreement as evidence that Federal Express delegated authority to Aetna and the Aetna Review Committee was appointed the appeal committee. Based on the evidence presented, it cannot be concluded whether the proper delegations were made and whether the Aetna Appeal Committee is

17

interchangeable with the Aetna Review Committee. The standard of review cannot be decided as a matter of law and is reserved for trial. Plaintiff's motion that the standard of review is *de novo* is DENIED without prejudice.

Defendant did not file a cross-motion although it was authorized to do so.

## V.   CONCLUSION

For the reasons stated:

1. Plaintiff's motion to strike is DENIED.

2. Plaintiff's motion that the standard of review is *de novo* is DENIED without prejudice.

3. Defendant shall submit a proposed form of order consistent with this memorandum decision within five (5) days following electronic service of this memorandum decision.

SO ORDERED.

DATED:  August 31, 2011

                                    /s/ Oliver W. Wanger
                                  Oliver W. Wanger
                                  United States District Judge

18