**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY STRAWN, | CASE NO. 1:10-cv-02254 -   -SKO |
| Plaintiff, | ORDER re SETTLEMENT CONFERENCE |
| v. | |
| FEDERAL EXPRESS CORP. LONG TERM DISABILITY PLAN, | |
| Defendant. | |

This case is set for a Settlement Conference before Magistrate Judge Sheila K. Oberto on October 18, 2011, at 10:30 a.m. at the U. S. District Court, 2500 Tulare Street, Fresno, California, 93721.

Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference.  Accordingly,  IT IS HEREBY ORDERED that:

**1.    Pre-settlement Conference Exchange of Demand and Offer**

A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals.  Accordingly, at least fifteen (15) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to each defense counsel with a brief summary of the legal and factual basis supporting the demand.  No later than ten (10) days prior to the settlement conference, each defense counsel shall submit a written offer to plaintiff's counsel with a brief summary of the legal and factual basis supporting the offer.

**2.    Submission and Content of Confidential Settlement Conference Statements**

The parties are to send Confidential Settlement Conference Statements (Settlement Statement) to the following email address: SKOorders@caed.uscourts.gov, to arrive no later than five (5) business days before the conference.  Additionally, each party shall file a Notice of

1

Submission of Confidential Settlement Conference Statement (See L.R. 270 (d)).

If the Settlement Conference is continued for any reason, each party must submit a new Settlement Statement that is complete in itself, without reference to any prior Settlement Statements.

Settlement Statements must be typed and double spaced.  Each Settlement Statement *shall include the following*:

    a.    A brief summary of the core facts, allegations, and defenses.

    b.    A summary of the proceedings to date.

    c.    An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    d.    The nature of the relief sought.

    e.    An outline of past settlement efforts including information regarding the "Pre-settlement Conference Exchange of Demand and Offer" required above (including the itemization of damages), and a history of past settlement discussions, offers, and demands.

    f.    A statement of each party's expectations and goals for the Settlement Conference.

**3.    Attendance of Trial Counsel and Parties Required**

*The attorneys who will try the case and parties with full and complete settlement authority are required to personally attend the conference.*  An insured party shall appear by a representative of the insurer who is authorized to negotiate, and who has *authority to settle the matter up to the limits of the opposing parties' existing settlement demand.*  An uninsured corporate party shall appear by a representative authorized to negotiate, and who has *authority to settle the matter up to the amount of the opposing parties' existing settlement demand or offer.*  It is difficult for a party who is not present to appreciate the process and the reasons that may justify a change in one's perspective toward settlement.  Accordingly, having a client with

authority available by telephone is *not* an acceptable alternative, except under the most extenuating circumstances.[1]

The Court expects both the lawyers and the party representatives to be fully prepared to participate.  The Court encourages all parties to keep an open mind in order to reassess their previous positions and to discover creative means for resolving the dispute.

**4.     Issues to Be Discussed**

The parties *shall* be prepared to discuss the following at the settlement conference:

   a.   Goals in the litigation and problems they would like to address in the settlement conference and understanding of the opposing side's goals.

   b.   The issues (in and outside the lawsuit) that need to be resolved.

   c.   The strengths and weaknesses of their case.

   d.   Their understanding of the opposing side's view of the case.

   e.   Their points of agreement and disagreement (factual and legal).

   f.   Any financial, emotional, and/or legal impediments to settlement.

   g.   Whether settlement or further litigation better enables the accomplishment of their respective goals.

   h.   Any possibilities for a creative resolution of the dispute.

**5.     Statements Inadmissible**

The parties are expected to address each other with courtesy and respect, and are encouraged to be frank and open in their discussions.  Statements made by any party during the settlement conference are not to be used in discovery and will not be admissible at trial.

IT IS SO ORDERED.

Dated:   **September 23, 2011**                    **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Out of town or out of state travel and the purchase of an airplane ticket are not extenuating circumstances.